**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 2:09-CV-000024-RWS |
| REGINA C. CROSSFIELD, : | |
| : | |
| Defendant. : | |

**ORDER**

This case is before the Court for consideration of Plaintiff's Motion for Summary Judgment [16]. The Motion is unopposed.

**Factual Background**[1]

Defendant Crossfield entered a master's program at the University of Georgia in August 2003. Crossfield applied for, and received, a fellowship under the National Network for Environmental Management Studies (NNEMS) program. On August 17, 2003, Crossfield signed a fellowship agreement with the NNEMS program. The offer and acceptance provision of that agreement stated that "[t]he Fellow also agrees that funds awarded will be solely for the

---

[1] The Factual Background is taken from Plaintiff's Statement of Material Facts to which Defendant filed no response and, thus, the facts are deemed to be admitted.

purposes of the program provided." (Exh. 2 to Crossfield Dep.). The agreement also provided that: " this Fellowship Agreement is subject to applicable U. S. Environmental Protection Agency ("EPA") statutory provisions, fellowship regulations (40 CFR, Part 46) and of the provisions of this agreement. The Fellow also agrees that funds awarded will be solely for the purposes of the program as approved." (Exh. 2 to Crossfield Dep.).

Under the agreement, the Environmental Protection Agency (EPA) provided directly to Crossfield a monthly stipend of $1,300 to fund her participation as a student in the NNEMS program. Term and Condition Number 2 of the Fellowship Agreement provided: "[i]f the fellow withdraws from the program prior to the scheduled completion date, the fellow shall complete the Termination Notice and send it to the U. S. Environmental Protection Agency. . . . Any stipend received after withdrawal from the program must be returned to the U.S. Environmental Protection Agency. . . in addition, EPA regulation 40 CFR 46.210 (c) provides that costs after termination of an EPA fellowship are unallowable unless expressly authorized by EPA and not reasonably avoidable." (Exh. 3a to Crossfield Dep.)

2

In October 2003, Crossfield withdrew from the NNEMS program. The EPA did not receive the proper "Completion of Studies" Notice to terminate her studies. Crossfield continued to receive stipend deposits into her account until May 2004.

By letter dated July 30, 2004, the EPA requested that Crossfield return the $10,630.06 she had received in stipends between October 2003 and May 2004, along with the unused portion of the $750.00 which had been paid to her for books and supplies. The EPA sent additional letters by certified mail to Crossfield on August 31, 2004 and on September 30, 2004, requesting that she return the unauthorized funds.

Costs after termination of an EPA fellowship are unallowable. After terminating her fellowship, Crossfield failed to return any of the payments from the EPA fellowship. Crossfield's indebtedness as a result of the overpayments as of June 12, 2008 was $19,395.25, including principal, any administrative collection costs, and interest.

## **Discussion**

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

    The applicable substantive law identifies which facts are material. Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id.  An issue is genuine when the evidence

4

is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

The evidence in this case is uncontradicted that the United States paid Crossfield stipend monies that were earmarked for her education and that

5

Crossfield retained those funds after she withdrew from the program. Crossfield admits signing the Fellowship Agreement that requires her to repay the funds. Crossfield does not deny that she has not repaid the funds. The amount of the indebtedness is also uncontradicted.

## Conclusion

Based on the foregoing, Plaintiff's Motion for Summary Judgment [16] is hereby **GRANTED**. Accordingly, Plaintiff is entitled to judgment against Defendant in the sum of $19,395.25 as of June 12, 2008. Plaintiff is hereby **DIRECTED** to submit to the Court a current calculation of damages for inclusion in the judgment to be entered in this case.

**SO ORDERED** this   7th   day of July, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE